## MOECKLY v. GORTON *et al.*

**Promissory Note**: 'BANK CHECK: GIVEN TO AVOID PROSECUTION: CONSIDERATION. Plaintiff (whose alleged innocence was admitted by the demurrer herein) was threatened by G. with criminal prosecution for perjury. For no other consideration than to procure G. to desist from such prosecution, he made to G.'s wife his promissory note for two hundred and fifty dollars, and subsequently, in exchange for the note, he made to her his bank check for the same amount. *Held* that both the note and the check were without consideration, and that, upon an admission of the facts by demurrer, the court properly entered a decree declaring the check to be null and void, and cancelling the same, and enjoining its negotiation.

*Appeal from Polk District Court.* — HON. MARCUS KAVANAGH, JR., Judge.

FILED, JUNE 7, 1889.

THIS is an action in equity, by which the plaintiff demands that the defendants be enjoined from transferring, selling, or in any manner disposing of, a certain money order bank check, and for a decree declaring said check to be null and void, and cancelling the same. There was a demurrer to the petition, which was overruled, and a decree was entered as prayed. The defendants appeal.

*N. B. Raymond*, for appellants.

*C. P. Holmes*, for appellee.

ROTHROCK, J.—The petition is in these words: "The plaintiff states: (1) That heretofore, to-wit, on or about the twenty-seventh day of November, 1886,

this plaintiff, at the request of one Julius A. Kuntz, a justice of the peace and mayor of Polk City, Iowa, went to his (said Kuntz') office, and there met said Kuntz and the defendant Wm. Gorton, at which time and place said defendant accused this plaintiff of having committed the crime of perjury in the evidence given by him as a witness upon the trial of the cause of Geo. W. Miles against said Wm. Gorton, before C. P. Holmes, a referee appointed to hear and determine said cause by the circuit court of Iowa, in and for Polk county, in which court said cause was pending; and said Gorton, at said time and place, further stated that, by reason of said perjury and false swearing of which he accused this plaintiff, he (said Gorton) had lost the sum of five hundred dollars, and that, unless this plaintiff paid him (said Gorton) said sum of five hundred dollars, or gave him his promissory note therefor, said Gorton would, on the following Monday morning, go before the grand jury of Polk county, Iowa, and cause this plaintiff to be indicted for the crime of perjury. (2) That plaintiff, relying upon said Gorton's promise not to take any action in regard thereto, did execute and deliver to said Wm. Gorton his promissory note for the sum of two hundred and fifty dollars, payable to the order of the wife of said Gorton, the defendant Mary D. Gorton. (3) That no consideration for said note passed from either said Wm. Gorton or said Mary D. Gorton to this plaintiff, and that it was executed and delivered by this plaintiff for no purpose or consideration whatever, except to avoid being criminally prosecuted on a charge of which he was not guilty, as aforesaid. (4) That plaintiff was fearful that said defendant would transfer said note to an innocent purchaser, who would have the legal right to enforce collection thereof against this plaintiff, and, believing that his check, drawn upon a bank where he had no funds, would not be negotiable, he did, under the advice of said Kuntz, draw his check on the Des Moines Savings Bank for the sum of two hundred and fifty dollars, payable to said Mary D. Gorton, and delivered the same to said Kuntz, who soon

after returned to this plaintiff said note. (5) That he is unable to state whether said check is payable to said Mary D. Gorton, or order, or bearer, but he avers that, according to his best recollection, it is negotiable. (6) That the only consideration for said check was the surrender of said note. (7) That neither Mary D. Gorton nor Wm. Gorton is financially responsible, and, should they transfer the said check to an innocent holder, plaintiff would be without remedy. Wherefore, plaintiff asks that a writ of injunction may issue restraining said Mary D. Gorton and said Wm. Gorton from transferring, selling, or in any manner disposing of, said check, or allowing it to pass from their possession; and that, upon the final hearing of this cause, said check be decreed to be null, void and cancelled; that defendants be ordered to surrender the same for cancellation; that said injunction be made perpetual; that plaintiff recover his costs, and have such other and further relief and remedy as may be just and equitable."

The demurrer was upon the ground that the facts stated in the petition do not entitle the plaintiff to the relief demanded. Counsel for appellants contends that the note was a valid contract, because the promise of William Gorton to refrain from instituting criminal proceedings for the perjury was not an illegal consideration. It is further claimed that the parties to the transaction were *in pari delicto*, and neither is entitled to the aid of a court to prevent its enforcement. Whatever may be thought of the above propositions of law contended for by counsel, they can have no application in this case, because it appears from the averments of the petition that the plaintiff herein was not guilty of the perjury of which he was accused. This being conceded by the demurrer, the note was without any consideration whatever, and was absolutely void as between the parties thereto. It was executed to avoid a criminal prosecution upon a charge of which the maker of the note was not guilty. And the bank check given in exchange for the note was a mere change of the form of the void obligation. No new rights accrued by the exchange;

and, Mary Gorton having given no consideration for either the note or the check, they are as invalid in her hands as they would have been if made payable to William Gorton. We think the demurrer was properly overruled. AFFIRMED.